# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

W.L. GORE & ASSOCIATES, INC., :
                                                :
        Plaintiff, :
                                                :
     v. :   C.A. No. 11-515-LPS
                                                :
C.R. BARD, INC., and BARD :
PERIPHERAL VASCULAR, INC., :
                                                :
        Defendants. :

## <u>MEMORANDUM ORDER</u>

At Wilmington this **24th** day of **November, 2015**, having reviewed the parties' proposed pretrial order ("PTO"), including briefing on various motions *in limine* ("MIL") (D.I. 437-41),

**IT IS HEREBY ORDERED** that:

1. The Court will hear argument at the pretrial conference on Plaintiff's MIL #1, to exclude evidence and argument relating to previous litigation and prior court orders.

2. Plaintiff's MIL #2, to exclude evidence and argument relating to the European Patent Office ("EPO") rejection of Plaintiff's patent application (which is related to the '892 patent-in-suit) is **GRANTED IN PART**. There is little if any probative value to the EPO evidence, as it concerns a different patent evaluated according to different standards by a non-U.S. agency. *See In re Dulberg*, 472 F.2d 1394, 1398 (C.C.P.A. 1973) ("[Courts] need not even consider the actions taken in foreign countries with regard to patentability of [a U.S.] application [because the] granting of a patent on an 'invention' in a foreign country has no relevance to the determination of whether the same 'invention' would be obvious within the ambit of § 103."); *see also Heidelberger Druckmaschinen AG v. Hantscho Commercial Prods., Inc.*, 21 F.3d 1068,

1

1072 n.2 (Fed. Cir. 1994) ("Caution is required when applying the action of a foreign patent examiner to deciding whether the [requirements of § 103] are met under United States law."). Whatever probative value exists is substantially outweighed by the concerns of Federal Rule of Evidence 403, including the serious risk of unfair prejudice and confusion of the jury, particularly given the potential for the jury to be confused and give undue deference to foreign decisions and proceedings.[1]

    3.    Plaintiff's MIL #3, to exclude evidence and argument relating the "Lee Meeting," is **DENIED**. Whether or not the Lee Meeting is itself prior art, evidence relating to it is relevant at least to Defendants' invalidity defense based on improper derivation. *See* 35 U.S.C. § 102(f). Even if the Lee Meeting is entirely cumulative of what is disclosed in the Lee Patent (an issue on which the Court is not making a finding), the risk of unfair prejudice, confusion, or any other of the concerns of Rule 403 do not substantially outweigh the probative value of the Lee Meeting. Defendants will not be permitted to argue nor suggest to the jury that there was anything

---

[1] While it is usually difficult (and not worth the effort) to resolve disputes as to whether a particular motion *in limine* is actually one, two, three, or more motions, here the Court easily concludes that Defendants correctly characterize Plaintiff's MIL #2 as two unrelated motions. (*See* Pl. Mot. at 1) ("Gore therefore moves *in limine* to prevent Bard from presenting argument or evidence concerning the EPO rejection of Gore's European Patent. *At the same time, Gore seeks to confirm the admissibility of specific **Bard** admissions made during foreign prosecution [of an unrelated Bard patent]* made during foreign prosecution that are relevant to this case.") (emphasis added) It was improper for Plaintiff to attempt to compress two unrelated motions into a single motion, given the Court's limit of three MILs per side.

In any event, with respect to Plaintiff's second issue, the Court agrees with Defendants that – if Plaintiff continues to believe there is anything of relevance to the forthcoming trial from Defendants' prosecution of one of Defendants' patents before the EPO – evaluating the admissibility of Plaintiff's proposed "admissions" will need to await the specific context of trial. Accordingly, Plaintiff's MIL #2 is **DENIED IN PART WITHOUT PREJUDICE** with respect to this second issue.

2

improper in the patentee's failure to disclose the Lee Meeting to the PTO (which is an issue that will be addressed by the Court during a bench trial following the jury trial). Issues relating to any purported bias or financial interest Lee may have in this litigation may be addressed through cross-examination.

4. Defendants' MIL #1, to exclude evidence or argument relating to recovery of lost profits for the period prior to January 30, 2012, is **DENIED WITHOUT PREJUDICE**. The Court will address this issue in connection with resolution of the pending motion to dismiss, which was filed on November 2. (D.I. 414) **The parties should be prepared to argue the motion to dismiss at tomorrow's pretrial conference.**

5. The Court will hear argument at the pretrial conference on Defendants' MIL #2, to preclude Plaintiff from introducing evidence or argument concerning Defendants' employment of Dr. Martin, a former employee of Plaintiff.[2]

6. Defendants' MIL #3, to preclude Plaintiff from introducing evidence or argument that Defendants' original Fluency product is not a non-infringing alternative, is **DENIED**. The Court is not persuaded that Plaintiff failed to comply with its disclosure and discovery obligations, such that it should be barred from attempting to prove – in the context of its damages presentation – that Defendants' original Fluency product does not qualify as an acceptable, non-infringing[3] alternative available in the market at the relevant times. In providing notice of the

---

[2]The Court's three-page limit on motions *in limine* and response to them, and one-page limit on replies, is based on ***double-spaced pages***. Both sides violated this restriction by submitting single-space briefs. Future failure to comply with the page limits (or to seek leave to exceed them) will result in the Court striking non-compliant submissions.

[3]It appears to be undisputed that the original Fluency product is equivalent to the accused Fluency Plus product, for which the Court has denied Defendants' motion for summary judgment

3

"accused products" in this case, Plaintiff was not obligated also to identify all of Defendants' products that were marketed at any time and which Plaintiff believed infringed the patent-in-suit. Defendants have cited no case law to support their suggestion that the consequence of Plaintiff's decision not to sue Defendants for infringement of the '892 patent by the original Fluency product is that Plaintiff must now be precluded from proving that the original Fluency product is not an acceptable non-infringing alternative.[4]

7. Certain disputes raised in the proposed PTO are resolved as follows:

A. (PTO p. 5) Presentation of evidence will follow the burden of proof. Plaintiff will first present its case-in-chief on infringement and damages. Defendants will then present their response on infringement and damages and their case-in-chief on invalidity. Plaintiff may then present its rebuttal on damages and infringement and respond on invalidity. Defendants may then present their rebuttal on invalidity.

B. (PTO p. 7) When reading or playing deposition testimony or prior trial testimony, all irrelevant and redundant material, including colloquy between counsel and objections, will be eliminated.

C. (PTO p. 9) Defendants' proposal regarding fact witness requirements is REJECTED.

D. (PTO p. 10) Exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony,

---

of non-infringement (D.I. 368, 405), as the record contains sufficient evidence from which a reasonable jury might find infringement.

[4]Any implications for Defendants' laches defense of a finding that the original Fluency is not non-infringing can be addressed in conjunction with the bench trial on laches, if necessary.

4

provided they are shown to a witness.

_____
HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE