## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

W.L. GORE & ASSOCIATES, INC.,          :
                                        :
          Plaintiff,                    :
                                        :
     v.                                 :          C.A. No. 11-515-LPS
                                        :
C.R. BARD, INC., and BARD               :
PERIPHERAL VASCULAR, INC.,              :
                                        :
          Defendants.                   :

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a 16-page Memorandum Order ("Stamm *Daubert* Order") (D.I. 411), dated October 23, 2015, granting Defendants C.R. Bard, Inc., and Bard Peripheral Vascular, Inc.'s ("Defendants" or "Bard") *Daubert* motion to exclude certain opinions and testimony of Plaintiff's damages expert, Laura B. Stamm ("Stamm *Daubert* Motion") (D.I. 256);

WHEREAS, on November 6, 2015, Defendants objected to the Stamm *Daubert* Order ("Stamm *Daubert* Objections") (D.I. 422), and specifically objected to "allowing [Plaintiff W.L Gore & Associates, Inc. ("Plaintiff" or "Gore")] the opportunity to inject new expert evidence into the case, only a few weeks before trial, to support an opinion that could not possibly have been based on such evidence" (*id.* at 1);

WHEREAS, on November 20, 2015, Plaintiff responded to the Stamm *Daubert* Objections (D.I. 456), arguing that "Judge Burke fairly and reasonably resolved Bard's complaint regarding Laura Stamm's royalty testimony, did nothing that was clearly erroneous, and did not prejudice Bard in any way" (*id.* at 1);

WHEREAS, the Court has considered the Stamm *Daubert* Motion and Order[1] using a

"clearly erroneous and contrary to law" standard of review, *see Masimo Corp. v. Philips Elec. N.*

*Am. Corp.*, 62 F. Supp. 3d 368, 388 (D. Del. 2014); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P.

72(a),[2] and has further reviewed all of the pertinent filings;

WHEREAS, Judge Burke issued a 33-page Report and Recommendation ("Anticipation

Report") (D.I. 428), dated November 9, 2015, recommending that Defendants' Motion for

Summary Judgment of No Anticipation ("Anticipation Motion") (D.I. 226) be granted in part and

denied in part;

WHEREAS, on November 16, 2015, Defendants objected to the Anticipation Report

("Defendants' Anticipation Objections") (D.I. 434), and specifically objected to (1) the

---

[1]The Court reviews a Magistrate Judge's decision to admit or reject testimony under an abuse of discretion standard. *See Masimo*, 62 F. Supp. 3d at 388. A court "abuses its discretion" if "its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or the improper application of law to fact." *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 322 (3d Cir. 2012). An abuse of discretion can also occur when "no reasonable person would adopt the . . . court's view." *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 192 (3d Cir. 2000).

[2]A *Daubert* motion to exclude testimony presents a non-dispositive matter, and objections to a Magistrate Judge's Order addressing a non-dispositive matter are subject to a "clearly erroneous and contrary to law" standard of review. Under a "clearly erroneous" standard, the reviewing court will only set aside factual findings when it is "left with the definite and firm conviction that a mistake has been committed." *Green v. Fornario*, 486 F.3d 100, 104 (3d Cir. 2007) (internal quotation marks omitted). Accordingly, it is "the responsibility of an appellate court to accept the ultimate factual determination of the fact-finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009) (internal quotation marks omitted). A Magistrate Judge's order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins., Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006); *see also Eisai Co., Ltd. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 424 (D.N.J. 2009) (stating "a magistrate judge's decision typically is entitled to deference" but "a magistrate judge's legal conclusions on a non-dispositive motion will be reviewed *de novo*") (internal quotation marks omitted).

Anticipation Report's conclusion that certain alleged prior art of Dr. Peter Lee did not anticipate, arguing that "[r]ather than crediting [Bard's expert's] opinion as one the jury could accept, the [Anticipation Report] substituted its view of what Dr. Lee's work discloses and interpreted a few isolated statements by Bard and Dr. Buller as a concession that Dr. Lee's work does not necessarily disclose a stent with interconnected members" (*id.* at 1), and (2) the Anticipation Report's purported failure to resolve "whether the Vallbracht Invention could anticipate claims 32 and 40 of the '892 patent" (*id.* at 8);

WHEREAS, on November 23, 2015, Plaintiff responded to Defendants' Anticipation Objections (D.I. 465), arguing that (1) the Anticipation Report correctly granted Plaintiff's Anticipation Motion with respect to the Lee references, because the Lee references *did not necessarily* include, under the doctrine of inherency, a particular limitation of the asserted claims (*see id.* at 4-7), and (2) the Anticipation Report actually granted Plaintiff's Anticipation Motion with respect to the "Vallbracht Invention" and that this was proper in light of the fact that, *inter alia*, "Bard has presented no evidence of Dr. Vallbracht 'inventing' anything thinner than 0.10 mm thick" (*see id.* at 8-9);

WHEREAS, the Court has considered the Anticipation Motion *de novo, see Masimo*, 62 F. Supp. 3d at 379; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), and has further reviewed all of the pertinent filings;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.      Defendants' Stamm *Daubert* Objections (D.I. 422) are OVERRULED.  Judge

Burke's Stamm *Daubert* Order (D.I. 411) is ADOPTED in all respects.[3]

2.      The Stamm *Daubert* Order determined that "to simply exclude Ms. Stamm's testimony – full stop – does not seem equitable under the particular circumstances here. Ms. Stamm's testimony is critical to Gore's damages case, and her assessment of the technological comparability of these three licenses is in turn critical to that testimony." (D.I. 411 at 14) The Court agrees with this assessment. Judge Burke did not abuse his discretion in permitting Dr. Criado an opportunity to supplement his expert report to "set out in writing the very opinion that Ms. Stamm has been relying on all along." (*Id.* at 15-16) Whether or not Dr. Criado's supplemental report went beyond the scope of the opinion that he allegedly discussed with Ms. Stamm is a matter properly addressed with regard to Defendants' pending motion to strike his supplemental report (D.I. 422), and the Court will reserve judgment on this issue until deciding Defendants' motion to strike.

3.      Defendants' Anticipation Objections (D.I. 434) are OVERRULED. Judge Burke's Anticipation Report (D.I. 428) is ADOPTED in all respects. Plaintiff's Motion for Summary Judgment of No Anticipation (D.I. 226) is GRANTED IN PART and DENIED IN PART, consistent with the Anticipation Report.

4.      Defendants have adduced no evidence that the Lee references necessarily disclose anything other than unconnected, circumferential structures, e.g., "zig-zag" or "ring-like" members. The Court agrees with the Anticipation Report that connected versions of these structures are not expressly disclosed in the Lee references. Moreover, "[i]nherency . . . may not

---

[3]For the avoidance of doubt, the result is that Ms. Stamm will be permitted to testify as to her damages opinions that are based on her conversations with Dr. Criado (provided that at least the pertinent portions of Dr. Criado's supplemental report are not stricken).

be established by probabilities or possibilities. The mere fact that a certain thing may result from a given set of circumstances is not sufficient." *Therasense, Inc. v. Becton, Dickinson & Co.*, 593 F.3d 1325, 1332 (Fed. Cir. 2010) (emphasis omitted). "[P]robabilities or possibilities" are all that Defendants point to in their objections: specifically, the possibility that ***disclosed*** unconnected structures ***could*** turn into ***undisclosed*** connected structures.

5.      Regarding the "Vallbracht Invention," Defendants fault the Anticipation Report for leaving unresolved the question of whether the Vallbracht Invention could anticipate claims 32 and 40 of the '892 patent. However, as indicated in the Anticipation Report, it is actually the ***parties***, not Judge Burke, who have left un-briefed the issue of whether the Vallbracht Invention anticipates. (*See* D.I. 428 at 28 n.19) The Court will not fault Judge Burke for not deciding an issue that the parties have not fully briefed. As articulated in the Anticipation Report, "[t]o the extent the Vallbracht Invention discloses a specific numerical covering thickness of 0.10 mm, it does not anticipate as a matter of law." (*Id.*) The Court adopts this determination.[4]

---

[4]Bard mentions in footnote 3 of its objections that, "[t]o the extent that Gore is allowed to advance infringement positions inconsistent with [the claim construction of the 'less than about 0.1 mm' limitation adopted by the Court, *see* D.I. 428 at 27; D.I. 369 at 15-16, 1W8-19,] or that construction is otherwise set aside, Bard reserves the right to argue the Vallbracht Abstract and Other Vallbracht Work anticipate." The Court will not permit the parties to present positions inconsistent with the Court's claim constructions at trial.

6.       Given the detailed reasoning provided in the Stamm *Daubert* Order and the

Anticipation Report, and given that Defendants have not raised any arguments that are not

adequately addressed therein, the Court finds it unnecessary to address Defendants' objections

any further.

November 24, 2015
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE