## MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**JACK B. BLUMENFELD**
(302) 351-9291
(302) 425-3012 FAX
jblumenfeld@mnat.com

May 16, 2016

The Honorable Leonard P. Stark                                          *VIA ELECTRONIC FILING*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re:    *W.L. Gore & Associates, Inc. v. C.R. Bard, Inc., et al.*,
             C.A. No. 11-515 (LPS)

Dear Chief Judge Stark:

       I write to bring to the Court's attention a letter I received from Gore's counsel last Friday (Exh. A). In that letter, Gore cites another case it filed in this Court in 2008, *W.L. Gore & Associates Inc. v. Valeo-Sylvania L.L.C.*, C.A. No. 08-111-GMS, in which Gore alleged that "Gore Holdings has granted W.L. Gore an exclusive license under the '014 patent." The *Valeo-Sylvania* case ended about two years before this one was filed. Morris Nichols represented Gore in that case, although I was not involved in that case in any way. Neither Bard nor Kirkland & Ellis had any involvement in it either.

       Gore suggests in its letter that the *Valeo-Sylvania* Complaint just came to its attention at a recent deposition. Gore then criticizes us for not having brought it to the attention of the Court in connection with the motion hearing last fall. In doing so, Gore ignores that it cited the *Valeo-Sylvania* Complaint in its November 20, 2015 Opposition brief (D.I. 453, p. 10 n.4) and even attached a copy of that Complaint to the Wagner Declaration (D.I. 454, Exh. 20).

       According to the Complaint, the *Valeo-Sylvania* case involved a different patent and technology (motor vehicle lamps) that is unrelated to patent and technology at issue in this case (D.I. 1). According to the information on Pacer, the *Valeo-Sylvania* case was dismissed by stipulation in July 2009 (D.I. 22), shortly after the Court denied defendant's motion to dismiss for lack of personal jurisdiction (D.I. 18). It does not appear from the information on Pacer that there was any other litigation activity in that case. There is nothing in the *Valeo-Sylvania* public record to suggest that Gore's status as a licensee under that patent was an issue there.

The Honorable Leonard P. Stark
May 16, 2016
Page 2

Given that Gore provided the *Valeo-Sylvania* Complaint to the Court last November, and then withdrew its assertion that it was an exclusive licensee of the patent-in-suit in this case in December (D.I. 505), it is difficult to understand why Gore is raising this now. In light of the pending sanctions motion and Gore's suggestions in its letter of ethical violations on my part, however, I thought it best to bring Gore's letter and these facts to the Court's attention promptly.

If you would like any additional information, we would be glad to provide it.

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

JBB/dlw
Enclosure
cc:   Clerk of Court (Via Hand Delivery; w/ encl.)
      All Counsel of Record (Via Electronic Mail; w/ encl.)