# EXHIBIT A



FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▾ UK ▾ CHINA

**Kevin P. Wagner**
Partner
kevin.wagner@FaegreBD.com
Direct **+1 612 766 6922**

**Faegre Baker Daniels LLP**
2200 Wells Fargo Center ▾ 90 South Seventh Street
Minneapolis ▾ Minnesota 55402-3901
Main **+1 612 766 7000**
Fax **+1 612 766 1600**

May 13, 2016

<u>**VIA E-MAIL**</u>

Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell
1201 North Market Street, 16th Floor
PO Box 1347
Wilmington, DE 19899

Amanda Hollis
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Re: W.L. Gore & Associates, Inc. v. C.R. Bard, Inc. et al., Civil No. 11-515-LPS

Dear Jack and Amanda:

    I write to address a significant issue that arose last Friday during the deposition of Iain Campbell. During this deposition, Bard counsel Ms. Hollis asked Mr. Campbell a series of questions relating to the complaint and stipulation in *W.L. Gore & Associates, Inc. and Gore Enterprise Holdings, Inc. v. Valeo-Sylvania, LLC and Label Technologies, Inc.*, filed in the District of Delaware on February 22, 2008. As highlighted by Ms. Hollis during the deposition, this complaint alleges that "Gore Holdings is the owner by assignment of all right, title and interest in the [asserted patent, and] Gore Holdings has granted W.L. Gore an **exclusive** license under the [asserted patent]." (Complaint, Para. 9 (emphasis added).) The obvious point of this line of questioning was to suggest that Gore's counsel in the *Valeo-Sylvania* case had somehow improperly represented to the Court and to the defendants in that case that Gore was an exclusive licensee to the asserted patent.

    However, at Mr. Campbell's deposition, we noticed one critical fact about Gore's *Valeo-Sylvania* complaint that Ms. Hollis failed to point out during the questioning: Gore's complaint was signed by **Bard's current counsel**, **Morris Nichols**, and it was Morris Nichols that asserted in that complaint **on behalf of Gore** that Gore was an "exclusive licensee" of GEH. Indeed, Morris Nichols was Gore's only counsel in the *Valeo-Sylvania* case.

US.106384625.01

Jack B. Blumenfeld  -2-  May 13, 2016
Amanda Hollis

> **ASSERTED PATENT**
>
> 9. On April 3, 2001, the United States Patent and Trademark Office issued U.S. Patent No. 6,210,014 B1 ("the '014 patent"), entitled "System For Reducing Condensation In Enclosed Lamp Housings," to Peter J. Kubizne, Mark J. Courtney, David T. De Guiseppi, and Jason A. Cimini. Gore Holdings is the owner by assignment of all right, title and interest in the '014 patent, including the right to sue and recover damages for infringement. ==Gore Holdings has granted W.L. Gore an exclusive license under the '014 patent.== A copy of the '014 patent is attached hereto as Exhibit A.

>                                                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>
>                                                    /s/ Karen Jacobs Louden
>                                                    Karen Jacobs Louden (#2881)
>                                                    Rodger D. Smith II (#3778)
>                                                    1201 N. Market Street
>                                                    P.O. Box 1347
>                                                    Wilmington, DE 19899
>                                                    (302) 658-9200
>                                                      *Attorneys for Plaintiffs W.L. Gore & Associates,*
>                                                      *Inc. and Gore Enterprise Holdings, Inc.*
>
> February 22, 2008
> 1535128

Moreover, the July 2009 stipulation in the *Valeo-Sylvania* case also was signed by Bard's current counsel Morris Nichols:

Jack B. Blumenfeld  -3-  May 13, 2016
Amanda Hollis

> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>
> /s/ *Rodger D. Smith II*
>
> Karen Jacobs Louden (#2881)
> Rodger D. Smith II (#3778)
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
> *Attorneys for Plaintiffs*
>
> RICHARD, LAYTON & FINGER, P.A.
>
> /s/ *Anne Shea Gaza*
>
> Frederick L. Cottrell, III (#2555)
> Anne Shea Gaza (#4093)
> 920 N. King Street
> One Rodney Square
> Wilmington, DE 19801
> (302) 651-7700
> *Attorneys for Defendant
> Label Technologies, Inc.*

In sharp contrast, in this case, Morris Nichols signed briefs **on behalf of Bard** that repeatedly argued exactly the opposite position—that Gore was a non-exclusive licensee only:

> Bard recently obtained documents from other actions in which Gore was a party that neither GEH nor W.L. Gore produced in this action that show conclusively that **W.L. Gore has *never* been an exclusive licensee** of the '892 patent.

(D.I. 415 at 1 (bold added, italics original).)

> This Court should dismiss under Rules 12(b)(3) and 12(h)(3) W.L. Gore's claim to lost profits prior to January 30, 2012 because, as forcefully argued by Gore based on the testimony of corporate officers and experts, **there was no exclusive license between GEH and W.L. Gore in that time frame**, and GEH as a holding company could only legally recover a reasonable royalty.

(*Id.* at 12 (emphasis added).)

> **W.L. Gore was merely a non-exclusive licensee between 1989 and 2012**, with bare rights to practice the '892 patent, exactly as GEH represented successfully to the Missouri courts to avoid tax liability, and again to the Maryland courts years later.

(*Id.* at 13 (emphasis added).) Morris Nichols signed these briefs on behalf of Bard:

US.106384625.01

Jack B. Blumenfeld  -4-  May 13, 2016
Amanda Hollis

> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>
> /s/ *Michael J. Flynn*
> _____
> Jack B. Blumenfeld (#1014)
> Michael J. Flynn (#5333)
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
> jblumenfeld@mnat.com
> mflynn@mnat.com
>
> *Attorneys for Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

Likewise, Morris Nichols attorney Jack Blumenfeld made arguments at three different hearings in this case that Gore had incorrectly identified itself as an exclusive licensee here but had told other courts it was a non-exclusive licensee. The following quotes are representative:

> The last couple of years, Gore has told us that the basis for its lost profits claim was that it had an exclusive license under the '892 patent. And while it did that, it withheld from us documents where **it had told other courts that the license wasn't exclusive**…

(Nov. 25, 2015 Tr. at 5:23-6:2 (emphasis added).)

> So they told the Court: GEH, not Gore, makes these decisions. And if they had gone to the Court in these states, Maryland, wherever, and said, well, Gore has a nonexclusive license, and GEH makes the decisions, except if it's an important patent, and then Gore has an exclusive license. I mean could they really have said that? **And they didn't say it whether they could have or not. And I think there is a reason they didn't say it, because nobody had in mind any different arrangement.**

(*Id.* at 68:19-69:2 (emphasis added).)

> So what is the record that we have. We have a written nonexclusive license. They could have renewed it. They didn't renew it. That is not uncontested that they never renewed it.

Jack B. Blumenfeld  -5-  May 13, 2016
Amanda Hollis

> **And you have got them, after that, going to courts and saying it is nonexclusive.** GEH has the right, Gore doesn't have the right. GEH makes the decision, Gore doesn't make the decision.

(*Id.* at 72:5-18 (emphasis added).)

In short, Morris Nichols represented in an earlier case on Gore's behalf that the GEH/Gore license to the patent in that case was exclusive; but here, in a case in which Morris Nichols represents an adverse party, has essentially switched sides, now arguing that the GEH/Gore license could only be non-exclusive and that Gore's assertion of exclusivity here was somehow dishonest. We are not aware of any attempt by Morris Nichols to inform Gore of this conflict or to obtain Gore's consent to represent Bard on this issue in this case. Moreover, at no time during the pretrial hearings or during supplemental discovery in this case did Morris Nichols inform the Court that Morris Nichols itself had previously filed a pleading on Gore's behalf, subject to its Rule 11 obligations, stating that Gore was an exclusive licensee.

We write this letter to alert you to these issues promptly after they came to our attention during Mr. Campbell's deposition. Please provide a response by Tuesday, May 17, 2016. In the meantime, please make sure that appropriate steps are taken to mitigate harm pursuant to the Model Rules of Professional Conduct.

Sincerely,

Kevin P. Wagner

WAGKP