IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

W.L. GORE & ASSOCIATES, INC.,  :
                                                       :
          Plaintiff,  :
                                                       :
v.  :           C.A. No. 11-515-LPS
                                                       :
C.R. BARD, INC. and BARD  :
PERIPHERAL VASCULAR, INC.,  :
                                                       :
          Defendants.  :

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a 17-page Report and Recommendation ("R&R") (D.I. 429), dated November 11, 2015, recommending that Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s ("Defendants" or "Bard") Motion for Summary Judgment of Laches ("Motion") (D.I. 238) be denied;

WHEREAS, on November 18, 2015, Defendants objected to certain portions of the R&R ("Objections") (D.I. 448), including the R&R's conclusion that there are genuine issues of material fact sufficient to rebut a presumption of laches[1] arising from W.L. Gore & Associates, Inc.'s ("Gore" or "Plaintiff") delay[2] in bringing suit, in light of (1) design defects and the

---

[1] "A presumption of laches arises where a patentee delays bringing suit for more than six years after the date the patentee knew or should have known of the alleged infringer's activity." *SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC*, 807 F.3d 1311, 1317 (Fed. Cir. 2015), *cert. granted sub nom. SCA Hygiene Products v. First Quality Baby Products*, 2016 WL 309607 (U.S. May 2, 2016).

[2] "Two elements underlie the defense of laches: (a) the patentee's delay in bringing suit was unreasonable and inexcusable, and (b) the alleged infringer suffered material prejudice attributable to the delay. The district court should consider these factors and all of the evidence and other circumstances to determine whether equity should intercede to bar pre-filing damages." *SCA Hygiene Products*, 807 F.3d at 1317.

1

relatively limited commercial success of Bard's Fluency product during the pertinent period (D.I. 429 at 11, 15; D.I. 448 at 5-6) and (2) Gore's involvement with other litigation before initiating the instant case (D.I. 448 at 6-10);

WHEREAS, on November 25, 2015, Plaintiff responded to Defendants' Objections (D.I. 478), arguing that Judge Burke correctly determined that Gore had shown genuine issues of material fact with respect to the reasonableness and excusable nature of Gore's delay in bringing suit in light of the weaknesses in Bard's Fluency product (D.I. 478 at 3-5) and Gore's involvement in other litigation (*id.* at 5-7);

WHEREAS, the Court has considered the Motion *de novo*, *see Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 379 (D. Del. 2014); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), and has further reviewed all of the pertinent filings;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendants' Objections (D.I. 448) are OVERRULED. Judge Burke's R&R (D.I. 429) is ADOPTED in all respects. Defendants' Motion (D.I. 238) is DENIED.

2. Regarding Defendants' arguments about the failures of Bard's Fluency product, the Court agrees with the R&R's conclusion that a fact-finder could infer that problems with Fluency excusably and reasonably motivated Gore to hold off on suing Bard. (*See* D.I. 429 at 10-12) Bard argues that the R&R required no evidence at summary judgment regarding what "actually motivated" Gore's decision to delay filing suit. (D.I. 448 at 5-6) The Court disagrees. As Judge Burke explained, only a "'minimum quantum of evidence'" is required to rebut the presumption. (D.I. 429 at 11 n.6) (quoting *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1037 (Fed. Cir. 1992)) Gore's reference to the relative weaknesses of Fluency in

2

combination with the other factors considered by Judge Burke, discussed below, comprise sufficient evidence under *Aukerman* to create a genuine issue of material fact.

3. With respect to Bard's argument that the R&R erred in concluding that there is a genuine issue of material fact regarding whether Gore's involvement in litigation justified its delay in bringing suit, Bard misinterprets case law on laches and misunderstands Gore's burden at summary judgment.

4. First, Bard argues that Gore's "'consumption' by other litigation is irrelevant as a matter of law unless Bard had 'notice'" of future litigation. (D.I. 448 at 8) (citing *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 877 (Fed. Cir. 1991)) Bard argues that the R&R incorrectly advocates a "fierce competitor" exception to the "notice requirement" set out in pre-*Aukerman* case law, which required a party to give sufficient notice to an alleged infringer regarding the party's intent to sue for infringement in order to justify delay in bringing suit. (D.I. 448 at 9-10) However, the notice requirement is no longer a strict requirement post-*Aukerman*, and courts are tasked with weighing all pertinent factors under an equitable analysis in deciding whether the defense of laches applies. *See Aukerman*, 960 F.2d at 1033 ("The equities may or may not require that the plaintiff communicate its reasons for delay to the defendant."). On the record currently before the Court, the Court cannot determine whether Bard had a "reason to believe it was likely to be sued" when Gore's other litigation ended. *Serdarevic v. Advanced Medical Optics, Inc.*, 532 F.3d 1352, 1359 (Fed. Cir. 2008). Because a factfinder might reasonably find that Bard did have reason to believe it was likely to be sued when Gore's other litigation ended, Gore has met its burden on this element at the summary judgment stage.

3

5. Second, Bard suggests that Gore was required to show that Gore's prior litigation was "*actually* the reason" for delay in order to create a genuine issue of material fact. (*Id.* at 7) (emphasis in original) In the circumstances of this case, it was enough for Gore to show that its involvement in other litigation *in combination with other factors* created an *inference* that Gore's delay was excusable. (*See* D.I. 478 at 6-7) The R&R properly drew inferences at summary judgment in Gore's (the non-moving party's) favor – inferences that suffice to create a genuine issue of material fact with respect to Gore's excuse for delay and, ultimately, the issue of laches. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

6. Another factor weighing in favor of denying Defendants' Motion is the Supreme Court's grant of certiorari in *SCA Hygiene*. *See SCA Hygiene Products v. First Quality Baby Products*, 2016 WL 309607 (U.S. May 2, 2016). The Supreme Court will likely decide the appeal in *SCA Hygiene* before this Court holds a bench trial on the issue of laches, and the Court will benefit from any guidance provided by the Supreme Court.

7. Bard requests that the Court enter an order pursuant to Federal Rule of Civil Procedure 56(g) stating that facts necessary to establish a presumption of laches are "not genuinely in dispute" and requests that the Court treat those facts as "established in the case." (D.I. 448 at 4) (quoting Fed. R. Civ. P. 56(g)) Gore responds that any presumption of laches has "'completely vanishe[d]'" under Judge Burke's decision, given that Gore has shown a genuine dispute of material fact sufficient to rebut a presumption of laches. (D.I. 478 at 3) (quoting *Aukerman*, 960 F.2d at 1037) At summary judgment, the Court must "draw all reasonable inferences" in favor of Gore. *Reeves*, 530 U.S. at 150. Doing so, it would be improper at this time to rule that the presumption must apply in this case, for the reasons explained in this Order

and in Judge Burke's R&R. At trial, Bard will be permitted to attempt to prove the applicability of the presumption, while Gore may attempt to prove its inapplicability (and, failing that, Gore will be permitted to attempt to rebut the presumption). Therefore, Bard's request for a ruling pursuant to Rule 56(g) is **DENIED**.

8. Given the detailed reasoning provided in the R&R, and given that Defendants' arguments are adequately addressed by the R&R to the extent they are not addressed in this Order, the Court finds it unnecessary to address Defendants' Objections any further.[1]

July 27, 2016
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[1] It is unnecessary for the Court to reach Defendants' arguments regarding the prejudice prong of the laches analysis, as Defendants have failed to first show that there are no genuine issues of material fact regarding the issue of whether Gore's delay in bringing suit was inexcusable and unreasonable. *See SCA Hygiene*, 807 F.3d at 1317.