IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| W.L. GORE & ASSOCIATES, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No. 11-515-LPS |
| : | |
| C.R. BARD, INC., and BARD : | |
| PERIPHERAL VASCULAR, INC., : | |
| : | |
| Defendants. : | |

**MEMORANDUM ORDER**

At Wilmington this **8th** day of **February**, **2017**, having reviewed the parties' proposed pretrial order ("PTO"), including briefing on various motions *in limine* ("MIL") (D.I. 692-697),

**IT IS HEREBY ORDERED** that:

1. The Court will hear argument at the pretrial conference ("PTC") on Plaintiff's MIL #4, to exclude evidence and argument relating to previous litigation.

2. Plaintiff's MIL #5, to exclude evidence and argument relating to discovery disputes, is **GRANTED IN PART**. It would be improper, irrelevant, unfairly prejudicial, and confusing to the jury for the parties to refer to or re-fight discovery disputes at trial. Any minimal probative value there may be would be substantially outweighed by the countervailing concerns of Federal Rule of Evidence 403. Where relevant, the parties will be permitted to make reference to the timing with which an expert was provided with particular evidence – and how that evidence did (or did not) impact the expert's analysis and opinion – but without stating or suggesting to the jury that such production was late, untimely, or in any manner improper.

3. Plaintiff's MIL #6, to preclude arguments that are purportedly contrary to the

Court's claim construction, is **DENIED**. The Court is not persuaded that the arguments Plaintiff has identified – based on slides Defendants intended to use in their opening statement when trial was scheduled to begin in December 2015 – are contrary to the Court's claim construction. To the extent Plaintiff is concerned about jury instructions, the Court will resolve disputes as to the proper instructions during trial.

4. Defendants' MIL #4, to exclude evidence or argument relating to Defendants' LifeStream Stent Grafts, is **GRANTED**. Plaintiff's allegations as to the "apparent infringement" of the patent-in-suit by these stent grafts are untimely and unsupported by evidence in the record. Permitting Plaintiff to do as it proposes would be unfairly prejudicial to Defendants – who have had no incentive or opportunity in this action to develop non-infringement evidence relating to these products – and confusing to the jury, concerns that substantially outweigh whatever minimal probative value this evidence might have. Plaintiff's contention that Defendants are responsible for the lack of evidence in the record relating to these products is unpersuasive given that at no point has Plaintiff sought relief relating to such discovery (an understandable decision, given that these products were not marketed in the United States during the term of the patent-in-suit).

5. Defendants' MIL #5, to exclude certain license agreements, is **DENIED**. The Court is not persuaded that Federal Rule of Evidence 408 requires prohibiting the parties' experts, and the jury, from considering, as part of their damages analysis, license agreements that were negotiated by Defendants against a backdrop of litigation. *See AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1336 (Fed. Cir. 2015) ("[T]here is no *per se* rule barring reference to settlements simply because they arise from litigation."); *ResQNet.com, Inc. v. Lansa, Inc.*, 594

F.3d 860, 872 (Fed. Cir. 2010) ("This court observes as well that the most reliable license in this record arose out of litigation."); *Dynetix Design Sols., Inc. v. Synopsys, Inc.*, 2013 WL 4537838, at *7 (N.D. Cal. Aug. 22, 2013); *Fenner Invs., Ltd. v. Hewlett-Packard Co.*, 2010 WL 1727916, at *3 n.2 (E.D. Tex. Apr. 28, 2010) (citing cases). Defendants' concerns can be adequately addressed through cross-examination and the presentation of competing evidence.

6. The Court will hear argument at the PTC on Defendants' MIL #6, to preclude Plaintiff from introducing evidence or argument concerning Plaintiff's trade secret litigation against G. Ray Martin, a former employee of Plaintiff and of Defendants.

7. Certain disputes raised in the proposed PTO are resolved as follows:

A. (PTO p. 5) Defendants' proposal, that specific exhibits to be used for cross-examination need not be disclosed the day before a witness is expected to testify, is ADOPTED.

B. (PTO p. 21) The Court will require a new version of proposed jury instructions to be filed no later than the first day of trial, which shall reflect all of the Court's rulings to that point, be the product of the parties' further efforts to reduce their disputes, and will clearly and succinctly identify any remaining disputed language and the basis for each sides' positions.

8. The parties shall be prepared to address at the PTC all other disputed matters that are raised in the PTO and not resolved here, including: limitations on use of testimony from prior litigations; objections to witnesses; whether marking will be tried to the jury; opinions of counsel; and whether damages and/or willfulness should be phased (i.e., the jury would hear evidence, argument, and instructions on damages and/or willfulness only if and after it

determines infringement of a valid patent claim).

9. The Court will hear argument at the PTC on the parties' motions to preclude expert testimony (D.I. 654, 657).

10. Each side has been allocated eighteen (18) hours for its presentation in the forthcoming jury trial. (*See* D.I. 613 at 3)

    a. Jury selection will be held on Tuesday, February 28, 2017 beginning at 9:30 a.m. Counsel are to report to the courtroom by 9:00 a.m.

    b. Trial will begin on Wednesday, March 1 at 9:00 a.m. Counsel are to report to the courtroom by 8:30 a.m. on that day and on all subsequent trial days.

    c. The trial will be held at some or all of the following times, provided that at least one side has time remaining:

        i. Wednesday, March 1: 8:30 a.m. - 3:00 p.m.

        ii. Thursday, March 2: 9:30 a.m. - 4:30 p.m.

        iii. Friday, March 3; Monday, March 6: 8:30 a.m. - 4:30 p.m.

        iv. Tuesday, March 7: 10:30 a.m. - 4:30 p.m.

        v. Wednesday, March 8; Thursday, March 9; Friday, March 10: 8:30 a.m. - 4:30 p.m.

HON. LEONARD P. STARK
UNITED STATES DISTRICT COURT