IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

W.L. GORE & ASSOCIATES, INC., :
:
Plaintiff, :
:
v. : C.A. No. 11-515-LPS
: REDACTED - PUBLIC VERSION
C.R. BARD, INC., and BARD :
PERIPHERAL VASCULAR, INC., :
:
Defendants. :

MEMORANDUM ORDER

At Wilmington this **24th** day of **February, 2017**, having reviewed the parties' submissions regarding their requests to use evidence from or relating to prior litigations during Phase I of the trial (D.I. 722, 723, 727),

**IT IS HEREBY ORDERED** that:

1. Defendants' Requests Nos. 1, 3, 4, 5, 6, 8, and 10, to use evidence from or relating to Plaintiff's tax proceedings, are **GRANTED IN PART**. Plaintiff does not object to admission of much of the evidence proffered by Defendants (i.e., DTX 1263, 1264, 1265, and 1267 (Request 4); DTX 1277 (Request 6); and DTX 1301 (Request 8)), and Defendants' requests to admit this evidence are **GRANTED**. Plaintiff does, however, object to the additional factual "context" Defendants seek to present regarding this evidence, and on this "context" issue the Court largely sides with Plaintiff.

The factual "context" and related evidence Defendants seek to offer relating to the tax proceedings – i.e., live testimony of Dr. Buller beyond discussion of the proud patent list

1

(Request 1); DTX 1246 (Request 3); DTX 1276 (Request 5); and DTX 1422 (Request 10) – has minimal probative value in Phase I of the trial (which will deal with infringement and invalidity), and that probative value is substantially outweighed by the risk of unfair prejudice to Plaintiff. While the Court agrees with Defendants that Plaintiff's characterization of the '892 patent-in-suit as "minor" on the proud patent list is relevant to secondary considerations of nonobviousness – a subject of Phase I – such evidence can be appropriately and fairly presented to the jury without delving into the detailed factual context Defendants further seek to provide. In this regard, Defendants' current position conflicts with the position they articulated at the Pretrial Conference, where counsel acknowledged that in the liability phase (Phase I) the facts about Plaintiff's tax proceedings are "more severable," with the "minor [patent] issue" implicating liability only "in terms of commercial success, the value of the patent, the importance of the patent." (Feb. 9, 2017 Pretrial Conference Transcript at 55-56) Thus, Defendants' requests to introduce their proposed "context" evidence (e.g., the evidence identified in this paragraph) relating to Plaintiff's tax proceedings are **DENIED**.

Under the circumstances, the most appropriate way to present the minimal necessary "context" regarding the tax proceedings is, as Plaintiff proposes, through use of a stipulation, that the parties or the Court can read to the jury. (*See* Defs.' Req. No. 5) This approach has the benefit of all involved in the trial knowing in advance precisely what the jury will be told about the "context" of the tax proceedings. It also minimizes the risk of the evidence unfairly prejudicing Plaintiff, e.g., by the jury drawing the conclusion that Plaintiff is a "tax cheat."

The language of Plaintiff's proposed stipulation needs to be modified, to accord with this Order and also to reflect input from Defendants, now that Defendants know that this is how the

2

Court will proceed. As guidance, the Court anticipates that an appropriate stipulation would include paragraphs 4, 5, and 7 of Plaintiff's current proposal; would strike the other paragraphs proposed by Plaintiff; and would add to the current proposal similar paragraphs addressing: how the proud patent list was created (*see* Defs.' Req. No. 4 at G); that Gore ranked the '892 patent as minor at a time when it had a financial incentive to maximize the value of that patent (*see* Defs.' Req. No. 5 at E); and an explanation of what the Teece Report is, who prepared it, and that it was submitted to a court in a legal proceeding (a proceeding which continued through 2014) (*see* Defs.' Req. No. 6 at E) by and on behalf of Gore.

The parties shall meet and confer and, no later than **Monday, February 27, at 10:00 a.m.**, submit a joint proposed stipulation. To the extent there are disputes relating to the stipulation, each party may simultaneously with the proposed stipulation file a letter brief not to exceed two (2) pages addressing the dispute(s).

2. Defendants' Request No. 2, to use a statement made by the United States District Court for the District of Arizona in an opinion issued in *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc., Inc.*, in which Bard asserted the Goldfarb patent against Gore, is **DENIED**. Defendants' request appears to directly contradict their previous representation that they did not intend to rely on any evidence from the Arizona litigation during the liability phase of the case (*see* D.I. 502 at 91-92), and Defendants have not pointed to anything that occurred following that representation (e.g., during supplemental discovery) that warrants their reversal (*see generally* Defs.' Req. No. 2 at E) (explaining that Arizona Court's statement is relevant to rebutting opinions set out in Dr. Criado's report that was filed as long ago as March 28, 2014)).

3

In any event, even assuming the Arizona Court's statement is not inadmissible hearsay, *see, e.g., Int'l Land Acquisitions, Inc. v. Fausto*, 39 F. App'x 751, 756 (3d Cir. 2002); *Pfizer Inc. v. Teva Pharms. USA, Inc.*, 2006 WL 3041102, at *3 (D.N.J. Oct. 26, 2006), the statement is not needed to inform the jury that the Goldfarb patent is required for the safe use of ePTFE in medical devices. The statement (a single sentence in a 24-page judicial opinion addressing numerous motions) does not specifically speak to that issue, but instead refers to "vascular grafts" (which are different from the accused "stent graft" products), and thereby greatly risks confusing the jury and unfairly prejudicing Plaintiff. Any relevance of the Court's statement is substantially outweighed by the concerns of Federal Rule of Evidence 403.

3. Defendants' Requests Nos. 7 and 16, to use testimony and evidence relating to the opinions provided by Plaintiff's economic expert, Dr. Putnam, in a prior litigation, *Medtronic v. W.L. Gore & Assoc.* (N.D. Cal.), in which Medtronic accused certain of Gore's stent graft products of infringement, are **GRANTED**. The Court agrees with Defendants that this evidence is relevant to invalidity because it supports the opinions Defendants' expert will express here that there were numerous other acceptable design choices by the time of Plaintiff's alleged invention. Dr. Putnam's testimony and report – which were offered by Plaintiff in the N.D. Cal. litigation – are consistent with Defendants' expert's view here, making the Putnam evidence relevant here, and its relevance is not substantially outweighed by the risk of unfair prejudice to Plaintiff or juror confusion or any of the other concerns of Rule 403. While Dr. Putnam specifically stated in his report that "[i]t is beyond the scope of my opinion and expertise to opine as to whether or not the patents contained in Exhibit 10 [the list of alternative stent designs] would have been both technically feasible and commercially acceptable" (Defs.' Req. No. 7 at DTX 1286 at 44), he

4

nonetheless provided testimony and opinion that support a finding that there were obvious design alternatives and no reason to copy the '892 patent. (*See id.*) (Dr. Putnam opining: "At the very least, I do note that as of the date of the hypothetical negotiation, there existed at least some other possible alternatives between [REDACTED] and 'abandon the stent-graft project entirely.'") The Court is unpersuaded that Dr. Putnam's testimony and report are inadmissible hearsay, given that they were sponsored and adopted by Plaintiff in the N.D. Cal. litigation.

Plaintiff's request to counter-designate is **GRANTED**.

4. Defendants' Request No. 9, to use statements made by Plaintiff during the claim construction proceeding in *W.L. Gore v. Atrium* (D. Ariz.) – an action in which Gore alleged that Atrium infringed the '892 patent – regarding methods of measuring the thickness of ePTFE, is **GRANTED**. The Court agrees with Defendants that the statements are relevant and properly offered to assist the jury in assessing the weight to give to the parties' competing expert opinions, which are based (in part) on the experts' different methods for measuring the thickness of the ePTFE in the accused products. The probative value of this evidence (which is not properly viewed as cumulative) is not substantially outweighed by risk of unfair prejudice to Plaintiff, as Defendants do not intend to introduce evidence or argument regarding the Arizona Court's rulings in response to these statements. The Court is not convinced that informing the jury that Plaintiff previously sued one other company for infringement of the patent-in-suit significantly risks casting Plaintiff unfairly as a serial litigant, particularly as Plaintiff seeks to introduce the settlement agreement from that same litigation, as will be further addressed below.

The documents Defendants seek to introduce do, however, need to be redacted, to result

5

in the bare minimum that it is necessary for the jury to have in order to understand and evaluate both sides' evidence and argument about them. For example, DTX-1336 must be redacted to strike the listing of counsel on the first page, to strike "Responsive Claim Construction" from the title of the brief, and to eliminate all portions of the brief other than those that are relevant for the reasons Defendants have articulated.[1]

5.  Defendants' Requests Nos. 11, 12, 13, 14, and 15, to use deposition and trial testimony of inventors Wayne House and James Lewis relating to the *Gore v. Medtronic* litigation (E.D. Va.), a case in which Gore alleged that Medtronic infringed the '870 patent – which is a continuation of the '892 patent, with which it shares an identical specification – are **GRANTED**. The proffered testimony is relevant to Defendants' invalidity defenses and its relevance is not substantially outweighed by the risk of unfair prejudice or confusing the jury. Defendants do not seek to inject factual content regarding the *Gore v. Medtronic* litigation into Phase I of the trial, but will instead simply refer to the evidence they offer as sworn testimony or deposition testimony. Defendants shall not identify the case in which the prior testimony was given beyond saying it was litigation in a court and Gore was involved. (*See, e.g.*, Defs.' Req. No. 12 at D) ("Bard can refer to this evidence as sworn testimony or deposition testimony without identifying in what case the testimony was offered.")

Although the testimony at issue was provided in connection with the '870 patent, the risk of jury confusion is not great, since the '870 patent is related to the '892 patent and the patents share identical specifications. Nor does the Court find Plaintiff's hearsay objection to have

---

[1] Similar redactions must be made to all prior litigation documents that will be introduced at trial.

6

merit; as Dr. Lewis was employed by Plaintiff at the time he offered his testimony in *Gore v. Medtronic*; his testimony is admissible as a party admission. *See* Fed. R. Evid. 801(d)(2).

The prior testimony (like all other documents from prior litigation that are placed before the jury), will need to be redacted, consistent with this Order. For example, the jury should not learn that certain testimony was elicited in response to questions from the Court. Accordingly, then, the testimony at issue in Defendants' Request No. 13, for instance, will need to be redacted such that the cover page only states "IN THE UNITED STATES DISTRICT COURT," the name of Plaintiff, and the date; the entirety of pages 2, 97, and 125 must be deleted; the lines before and after those identified by Defendants as relevant shall be deleted; and the references to "THE COURT" on page 124 shall be changed to "Q."[2]

The Court further **GRANTS** Plaintiff's request to counter-designate additional testimony to be presented at trial.

6. Plaintiff's Request No. 1, to use a Settlement and Licence Agreement between Gore and ▮▮▮ that arose out of the *Gore v.* ▮▮▮ litigation, is **GRANTED**. This evidence is relevant to secondary considerations of non-obviousness in Phase I of trial. Even assuming Defendants are correct that "Gore has no evidence" of nexus between the merits of the invention claimed in the '892 patent and the license (a proposition the Court cannot evaluate based on the materials submitted), the Court is not convinced that this requires exclusion of the license. *See, e.g., Audionics Sys. Inc. v. AAMP of Fla., Inc.*, 2015 WL 12712288, at *45 n.255 (C.D. Cal. July

---

[2]This is, again, merely an example of the redactions that will need to be made to all prior litigation documents that either side intends to place before the jury.

10, 2015) (explaining that where no nexus was shown, it did "not mean that the license should be completely disregarded . . . [but] only that 'licensing as evidence of nonobviousness should be accorded little weight in th[e] case'") (quoting *In re GPAC Inc.*, 57 F.3d 1573, 1580 (Fed. Cir. 1995)). Nor does Federal Rule of Evidence 408 require prohibiting the use of settlement agreements as evidence of nonobviousness. *See, e.g., Am. Standard Inc. v. Pfizer Inc.*, 722 F. Supp. 86, 136 n.55 (D. Del. 1989). To the extent necessary, Defendants will be permitted to introduce the limited context that the agreement was entered into to resolve litigation.

7. Plaintiff's Request No. 2, to use statements made by Defendants regarding the prior art Lee reference and thin ePTFE coverings during prosecution of one of Defendants' patents before the European Patent Office, is **GRANTED**. This evidence is relevant to the parties' arguments regarding the validity of the '892 patent. *See, e.g., Pfizer Inc.*, 2006 WL 3041102, at *2 (finding that representations made during foreign patent prosecution regarding prior art references were relevant and declining to preclude them under Rule 403). The relevance of this evidence is not substantially outweighed by the danger of unfair prejudice or any of the other concerns of Rule 403.

The Court agrees with Plaintiff that the most appropriate way to put this evidence before the jury is a stipulation. Now that Defendants understand that this is how the Court will proceed, Defendants will be given an opportunity to propose modifications (including deletions and additions) to the stipulation Plaintiff has proposed. The parties shall meet and confer and, no later than **Monday, February 27, at 10:00 a.m.**, submit a joint proposed stipulation. To the extent there are disputes relating to the stipulation, each party may simultaneously with the proposed stipulation file a letter brief not to exceed two (2) pages addressing the dispute(s).

8. As this Memorandum Order has been filed under seal, the parties shall meet and confer and, no later than **February 27, 2017**, submit a proposed redacted version of it.

*[signature]*

HON. LEONARD P. STARK
UNITED STATES DISTRICT COURT