IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| W.L. GORE & ASSOCIATES, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 11-515-LPS |
| C.R. BARD, INC., and BARD PERIPHERAL VASCULAR, INC., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

At Wilmington this **20th** day of **September, 2017**, having reviewed Plaintiff W.L. Gore & Associates, Inc.'s ("Gore") Unopposed Motion for JMOL or Vacatur on Invalidity (D.I. 812), and the related submissions (D.I. 813, 814, 815), **IT IS HEREBY ORDERED** that the motion (D.I. 812) is **DENIED**, for the reasons explained below.

1. Gore filed this patent infringement suit against C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard") in June 2011. (D.I. 1) During the course of highly-contentious litigation, managed both by Chief Judge Stark and Magistrate Judge Burke, the Court addressed numerous motions – including for summary judgment, preclusion of expert testimony, and sanctions – and issued more than a dozen Reports and Recommendation, opinions, and memorandum orders (*see, e.g.*, D.I. 404, 411, 473, 491, 620, 622, 710, 711, 729). Eventually, in February and March, 2017, a jury was brought in and the Court held a six-day trial. (*See* D.I. 800-06) The jury returned a verdict in favor of Bard on all issues put before it – including, as is most pertinent to the pending motion, by finding of invalidity of the patent-in-suit, U.S. Patent No. 5,735,892 ("'892 patent"). (D.I. 779) The jury found by clear and convincing evidence that

asserted claims of the '892 patent were invalid due to anticipation, obviousness, and improper inventorship. (*See id.*) After receiving a series of joint status reports (*see, e.g.*, D.I. 790, 792, 796, 799, 808, 811) and conducting several status teleconferences (*see, e.g.*, D.I. 810, 819), the parties recently advised the Court that they have settled their disputes.

2. On July 28, 2017, Gore filed its motion for judgment as a matter of law ("JMOL") or vacatur of the jury's finding of invalidity of the '892 patent. (D.I. 812) As part of the parties' settlement agreement, Bard does not oppose the motion. (D.I. 814)

3. In its motion, Gore principally argues that the jury's verdict is not supported by substantial evidence and that JMOL of no invalidity is therefore proper under Fed. R. Civ. P. 50(b). The Court disagrees. Taking the evidence in the light most favorable to Bard, as the verdict winner, and drawing all inferences in favor of Bard, the Court concludes that a reasonable jury could have found clear and convincing evidence that the '892 patent was invalid due to anticipation, obviousness, and improper inventorship.

4. As Gore recognizes (*see* D.I. 814 at 10-11), to prevail on JMOL after losing a jury trial, Gore "must show that the jury's findings, presumed or express, are not supported by substantial evidence or, if they were, that the logical conclusion(s) implied [by] the jury's verdict cannot in law be supported by those findings." *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1348 (Fed. Cir. 1998). The Court must give the verdict winner "the benefit of all logical inferences that could be drawn from the evidence presented, resolve all conflicts in the evidence in [its] favor and, in general, view the record in the light most favorable to [it]." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1348 (3d Cir. 1991). Gore simply has not met these high burdens. Notwithstanding the lack of opposition to the JMOL motion, the Court must nonetheless apply

the same legal standards, and the lack of opposition does nothing to erase the substantial evidence that was presented at trial, and which fully justifies the jury verdict.

5. In connection with summary judgment, as well as JMOL motions filed during trial, the Court determined that genuine disputes of material fact precluded the relief sought at those earlier stages, and nothing in Gore's brief persuades the Court that JMOL or other relief is warranted now. As the Court explained during trial: "the record is replete with genuine disputes of material fact . . . . Therefore, I think a reasonable juror could find for either side on basically all of these [issues]." (D.I. 806 at 1590-91) Also, prior to trial, the Court had denied Gore's motion for summary judgment of no anticipation (D.I. 226) with respect to the Vallbracht materials, stating "the fact finder could conclude that by clear and convincing evidence, Bard has demonstrated that a person of ordinary skill in the art would understand [the Vallbracht patent's] use of 'very thin' . . . to anticipate the claimed range." (D.I. 428 at 26; adopted at D.I. 474) Again, Gore has not persuaded the Court that its resolution of Gore's post-trial JMOL motion should differ.

6. Gore also argues that its requested relief should be granted as a matter of equity and court practice. Again the Court disagrees.

7. Courts considering similar requests to vacate have identified several pertinent considerations, including: "(1) the public interest in the orderly operation of the federal judicial system; (2) the parties' desire to avoid any potential preclusive effect; (3) the court's resources that will be expended if the case continues; and (4) the parties' interest in conserving their resources." *Cisco Sys., Inc. v. Telcordia Techs., Inc.*, 590 F. Supp. 2d 828, 830 (E.D. Tex. 2008); *see also Alltech Assocs. Inc. v. Teledyne Instruments Inc.*, C.A. No. 13-425-RGA (D. Del. Feb.

3

12, 2015) (citing *Cisco* and assuming applicable standard requires exceptional circumstances to vacate claim construction); *Lycos, Inc. v. Blockbuster, Inc.*, 2010 WL 5437226, at *3 (D. Mass. Dec. 23, 2010) (citing *Cisco* and applying similar factors). Application of these factors supports the Court's conclusion.

8. The public interest in the orderly operation of the federal judicial system disfavors vacatur here. The "orderly operation" of a patent litigation includes pretrial motions practice (though not always as extensive as that which marked the instant case) and trial. When parties vigorously dispute issues relating to the validity of a patent, requiring the substantial expenditure of resources by the parties, the Court, and ultimately a jury to resolve, it will usually be inefficient and contrary to the orderly operation of the judicial system to treat the jury's verdict effectively as a nullity by vacating a verdict supported by substantial evidence. *See generally Devore v. City of Philadelphia*, 2003 WL 21961975, at *3 (E.D. Pa. June 24, 2003) (denying unopposed Rule 60 motion seeking relief from jury verdict upon settlement, explaining that "not only does society have an interest in the judgments, but so do the eight citizens of the Commonwealth who dedicated eight days of their lives to the consideration of this case").

9. Moreover, the public has an interest in invalidating patents that cannot survive a validity challenge. *See, e.g., Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 100-02 (1993) (disapproving "Federal Circuit's [past] practice of routinely vacating judgments of validity after finding noninfringement" because of potential for relitigation and imposition of "ongoing burdens on competitors who are convinced that a patent has been correctly found invalid"). Although the '892 patent has expired – and, thus, this case does not pose the potential of an invalid patent being asserted against another accused infringer – the public interest in

4

invalidating patents that cannot survive a validity challenge certainly does not favor the relief sought by Gore. *See Ohio Willow Wood Co. v. Thermo-Ply, Inc.*, 629 F.3d 1374, 1376 (Fed. Cir. 2011) (Moore, J., concurring) ("The [Supreme] Court made clear that vacatur was an extraordinary remedy which petitioner would have to show equitable entitlement to. Only in exceptional circumstances should a district court grant vacatur at the request of the litigants. . . . In a patent case, especially where a patent has been invalidated, the public interest is overwhelming.") (internal quotation marks and citations omitted).

10. There is, of course, a strong public interest in promoting settlement of litigation. *See, e.g., Hemstreet v. Spiegel, Inc.*, 851 F.2d 348, 350 (Fed. Cir. 1988) ("The law strongly favors settlement of litigation . . . ."). However, under the totality of the circumstances presented here, the public interest in the orderly operation of the federal judicial system disfavors vacatur.

11. The second *Cisco* factor, the parties' desire to avoid any potential preclusive effect, does not appear to be relevant, given the expiration of the '892 patent. Nor do the other *Cisco* factors appear to be relevant. As there is no indication that the parties' settlement is contingent on the Court's granting the JMOL motion, it is unlikely that the Court's ruling (whatever it would be) could lead to any greater expenditure of the Court's or the parties' resources.

12. In addition to Rule 50(b), Gore's motion also references Fed. R. Civ. P. 59(a) and 60(b). (*See, e.g.*, D.I. 814 at 11) These latter Rules authorize the Court to exercise its discretion to provide post-trial relief, under a standard that is "less rigorous" than the JMOL standard – "in that the Court need not view the evidence in the light most favorable to the verdict winner," *Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc.*, 85 F. Supp. 3d 768, 776 (D. Del.

2015) (Rule 59(a)) – or under "exceptional circumstances," including the interests of the parties, public interest in the development of the law, promotion of settlement, and the integrity of the judicial system. *See, e.g., Hospira, Inc. v. Sandoz Inc.*, 2014 WL 794589, at *5 (D.N.J. Feb. 27, 2014); *McKinney v. Philadelphia Hous. Auth.*, 2010 WL 2510382, at *4 (E.D. Pa. June 16, 2010). Exceptional circumstances are not present here and the Court sees no basis to exercise its discretion to vacate the jury's finding that was, as already described, supported by substantial evidence. *See, e.g., Microstrategy Inc. v. Apttus Corp.*, 2015 WL 12839248, at *2 (E.D. Va. Nov. 5, 2015) (holding that fact that "settlement will fail absent vacatur" does not "qualify as extraordinary circumstance[] required under Rule 60(b)(6) for vacatur").

13. The parties' motions for judgment as a matter of law that were filed during trial (D.I. 758, 768) are **DENIED**, as noted during trial. (*See* D.I. 806 at 1590-98) The motions are also moot.

14. As this Memorandum Order has been filed under seal, the parties shall meet and confer and, no later than **September 22, 2017**, submit a proposed redacted version of it.

HON. LEONARD P. STARK
UNITED STATES DISTRICT COURT